CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL AARON HARTLEY, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00344 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Michael Aaron Hartley, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on respondent's motion to dismiss. For the following reasons, the court will grant respondent's motion.

### BACKGROUND

On March 10, 2004, Hartley and Phillip Savage were charged in a fifteen-count indictment returned by a grand jury in the Western District of Virginia. Hartley was charged with conspiring to distribute, and possessing with the intent to distribute, cocaine base, in violation of 28 U.S.C. §§ 841 and 846. Hartley was also charged with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). A superceding indictment was returned on August 18, 2004, which included additional charges and defendants. Count One charged Hartley with conspiring to possess with the intent to distribute cocaine base. Count Two charged Hartley with possessing a firearm in furtherance of a drug trafficking crime. Counts Nine, Ten, Thirteen through Eighteen, Twenty-Nine, and Thirty-One charged Hartley with possessing with the intent to distribute cocaine base.

Hartley was initially represented by David A. Downes. However, Downes withdrew from the case on June 25, 2004. On July 6, 2004, the court appointed John S. Hart to represent

Hartley.

On March 16, 2005, Hartley pled guilty to Counts One and Two of the superceding indictment, pursuant to a written plea agreement. In this agreement, the United States agreed to move to dismiss the remaining ten counts against Hartley. In exchange, Hartley agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the court." (Plea Ag. at 6-7). Hartley also, in a separate section, agreed to waive his right to appeal "sentencing guidelines issues." (Plea Ag. at 6). However, both parties reserved the "right to appeal the sentence imposed upon [Hartley] to the extent the sentence is above or below the Guideline range and to whatever extent appeals may be authorized under the Booker case."[1] (Plea Ag. at 6). Additionally, Hartley agreed to waive "any claim [he] may have for ineffective assistance of counsel known and not raised by [him] with the court at the time of sentencing." (Plea Ag. at 12).

Hartley initialed every page of the plea agreement, including the pages containing the waiver of collateral-attack rights. By signing the plea agreement, Hartley affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily agreeing to its terms.

During the plea hearing, Hartley stated under oath that he was a high school graduate, that he was in "very good health," and that his communication and comprehension skills were not impaired by any illness or substance. (Tr. at 5-6). The court established that Hartley was aware of the nature of the charges against him, that he understood how the United States Sentencing

_____

[1] Unlike the waiver of appellate rights, the waiver of collateral-attack rights did not contain any limitations or exclusions.

Guidelines might apply in his case, and that he knew that he had the right to a jury trial. (Tr. at 15-16, 19, 24).

The court instructed the prosecutor to review the salient portions of the plea agreement that Hartley had reached with the government. In response, the prosecutor advised Hartley that he would be waiving "a number of important rights," including the right to file a "collateral attack." (Tr. at 10). The prosecutor explained that Hartley would not be able to "come back into court later on and complain about the way the case was handled or the sentence that he got." (Tr. at 10). After the prosecutor also stated that Hartley was waiving the right to appeal his sentence, Hartley's attorney clarified that both parties were retaining the right to appeal any issues authorized by the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Tr. at 10, 12). Upon being asked if the agreement described by the attorneys was consistent with his own understanding of the agreement, and if he understood that he would be "surrendering certain appellate remedies," Hartley responded in the affirmative. (Tr. at 12-13).

The court also specifically inquired as to whether Hartley was voluntarily pleading guilty, and as to whether he was satisfied with his attorney's representation. Hartley affirmed that no one had made any promises other than those set forth in the plea agreement, that no one had guaranteed a particular outcome, and that no one had coerced or compelled him to plead guilty. (Tr. at 13-15). Hartley also affirmed that he was satisfied with the services provided by his attorney, including his attorney's willingness to listen to his side of the story, his attorney's negotiations with the government, and his attorney's understanding of the applicable law. (Tr. at 30).

At the conclusion of the hearing, the court asked Hartley whether he had any final questions regarding any of the matters or issues that had been addressed. (Tr. at 30). Hartley

3

indicated that he did not have any questions. (Tr. at 30). The court ultimately found that Hartley was "fully competent and capable of entering an informed plea," and that his pleas of guilty were "knowing and voluntary." (Tr. at 31).

On August 10, 2004, Hartley was sentenced within the applicable guideline range to a total term of imprisonment of 211 months. (Tr. at 49-50). Before the court pronounced the sentence, Hartley was given the opportunity to address the court. At that time, Hartley did not express any desire to withdraw from the plea agreement, or voice any complaints regarding the quality and effectiveness of his attorney's representation. Instead, Hartley apologized to the family and the court. (Sentencing Tr. at 46). He did not appeal his convictions or sentence.

On June 1, 2006, Hartley filed the instant § 2255 motion. The motion raises the following claims:

A.  The assistance provided by his original attorney, David Downes, was ineffective for the following reasons:

    1.  He was aware that he had a conflict of interest at the outset of the case, but he did nothing to address the issue for four months.

    2.  He failed to keep Hartley informed of developments in the case and the progress of preparing the defense.

    3.  He failed to negotiate a plea agreement with the United States before the return of the superceding indictment.

    4.  He failed to fully investigate the case.

B.  The assistance provided by John Hart was ineffective for the following reasons:

    1.  He advised Hartley that the court may decide to drop the firearm charge if Hartley agreed to plead guilty to it, and that Hartley may face a sentence as long as life imprisonment if Hartley decided to take the firearm charge to trial.

    2.  He failed to object to the validity of a statement in the pre-sentence report regarding a letter that Hartley allegedly wrote to a co-defendant.

4

C.   The court failed to give due weight to the factors listed in 18 U.S.C. § 3553(a) and the Supreme Court's decision in <u>Booker</u>.

Respondent filed a motion to dismiss on July 18, 2006. Since Hartley has now filed a response, the motion is ripe for review.

## DISCUSSION

Respondent argues that Hartley's motion must be dismissed because he specifically waived the right to collaterally attack his convictions and sentence. The United States Court of Appeals for the Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." <u>United States v. Davis</u>, 954 F.2d 182, 186 (4th Cir. 1992). The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" <u>United States v. White</u>, 366 F.3d 291, 295 (4th Cir. 2004) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" <u>Lemaster</u>, 403 F.3d at 221 (quoting <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975)). If a district court determines that a petitioner knowingly and voluntarily waived his collateral-attack rights, and that the petitioner's claims fall within the scope of that waiver,[2] the court must dismiss the

---

[2]The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appellate or collateral-attack rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings

5

§ 2255 motion without addressing the merits of those claims. See Id. at 222, United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (discussing appeal waivers).

Having fully considered the parties' arguments, the court agrees with respondent that Hartley knowingly and voluntarily waived his right to collaterally attack his convictions and sentence. The language and meaning of the waiver of collateral-attack rights is clear and unmistakable. By signing the plea agreement, Hartley affirmed that he had carefully reviewed the agreement with his attorney, and that he understood all of its terms. Moreover, during the plea hearing, the prosecutor specifically advised Hartley that he was waiving his collateral-attack rights, and that he would be unable to return to court on a later date to complain about his sentence or the way his case was handled. In response to the court's questions, Hartley verified that the description of the plea agreement provided by the prosecutor and his attorney was consistent with his own understanding of the agreement's terms. Although the court did not explicitly ask Hartley if he understood the significance of the waiver of collateral-attack rights, as Hartley now points out, the court cannot conclude, on the basis of the record, that Hartley's decision to accept the waiver was an unknowing or involuntary act. Compare United States v. Attar, 38 F.3d 727, 731-732 (4th Cir. 1994) (finding a waiver of appellate rights to be valid and enforceable, even though the district court did not explicitly ask the defendant if he understood the waiver provision, where other evidence in the record showed that the waiver was knowing and intelligent), and Davis, 954 F.2d at 186 (same), with United States v. Wessells, 936 F.2d

---

following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on an constitutionally impermissible factor such as race, fall outside the scope of the waiver. See United States v. Blick, 408 F.3d 162, 171 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); LeMaster, 403 F.3d at 220 n. 2; United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006).

6

165, 168 (4th Cir. 1991) (finding a waiver of appellate rights to be invalid, where the transcript of the Rule 11 hearing revealed that the district court did not explicitly question the defendant about his understanding of the waiver provision, and the record did not otherwise indicate that the defendant understood its significance).

In response to respondent's motion to dismiss, Hartley also suggests that the waiver of collateral-attack rights is invalid because it "was the result of ineffective assistance of counsel." (Pl. Resp. at 2). However, this allegation directly contradicts Hartley's sworn statements at the plea hearing. As previously stated, Hartley affirmed that no one had made any promises other than those set forth in the plea agreement, and that no one had coerced or compelled him to plead guilty. Likewise, Hartley affirmed that he was satisfied with the services provided by his attorney, including his attorney's negotiations with the government and his attorney's understanding of the applicable law.[3] In the face of such testimony, the court finds Hartley's allegations to the contrary to be "palpably incredible and patently frivolous or false." Lemaster, 403 F.3d at 222.

For the reasons stated, the provisions of the plea agreement and the transcript from the plea hearing conclusively establish that Hartley knowingly and voluntarily waived the right to collaterally attack his convictions and sentence. Because none of Hartley's claims fall within the narrow class of claims that have been found to fall outside the scope of a valid waiver,[4] his § 2255 motion must be dismissed. Accordingly, the court will grant respondent's motion.

---

[3]The court notes that Hartley's testimony at the plea hearing was consistent with his representations in the plea agreement. By signing the plea agreement, Hartley represented that he had discussed the terms of the plea agreement with his attorney, and that he was satisfied with his attorney and the attorney's advice.

[4]See footnote 3, infra.

7

The Clerk is directed to send certified copies of this opinion and the accompanying order to petitioner and counsel of record for respondent .

ENTER: This 11ᵗʰ day of August, 2006.

_____
United States District Judge