CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL AARON HARTLEY, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00344 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Michael Aaron Hartley, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. By opinion and order entered August 11, 2006, the court granted the respondent's motion to dismiss and dismissed Hartley's § 2255 motion. The case is presently before the court on Hartley's motion for reconsideration. For the following reasons, the court will deny the motion.

## BACKGROUND

On March 10, 2004, Hartley and Phillip Savage were charged in a fifteen-count indictment returned by a grand jury in the Western District of Virginia. Hartley was charged with conspiring to distribute, and possessing with the intent to distribute, cocaine base, in violation of 28 U.S.C. §§ 841 and 846. Hartley was also charged with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). A superceding indictment was returned on August 18, 2004, which included additional charges and defendants. Count One charged Hartley with conspiring to possess with the intent to distribute cocaine base. Count Two charged Hartley with possessing a firearm in furtherance of a drug trafficking crime. Counts Nine, Ten, Thirteen through Eighteen, Twenty-Nine, and Thirty-One charged Hartley with possessing with the intent to distribute cocaine base.

Hartley was initially represented by David A. Downes. However, Downes withdrew from

the case on June 25, 2004. On July 6, 2004, the court appointed John S. Hart to represent Hartley.

On March 16, 2005, Hartley pled guilty to Counts One and Two of the superceding indictment, pursuant to a written plea agreement. Hartley was subsequently sentenced to a total term of imprisonment of 211 months.

Hartley filed a § 2255 motion on June 1, 2006, in which he argued that he received ineffective assistance from Downes and Hart, and that he was improperly sentenced. The respondent moved to dismiss the motion on the basis of a waiver provision included in Hartley's plea agreement. Section 10 of the plea agreement provided as follows: "I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the court."

By opinion and order entered August 11, 2006, the court granted the respondent's motion to dismiss. Relying on the decision by the United States Court of Appeals for the Fourth Circuit in United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005), the court concluded that Hartley knowingly and voluntarily waived his right to collaterally attack his convictions and sentence. Hartley has now filed a motion for reconsideration of that decision.

## DISCUSSION

As explained in the court's previous opinion, a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. Id. at 220. The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong

2

presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus,"in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-222.

In his present motion, Hartley argues that his waiver of collateral-attack rights could not have been knowing or voluntary because his attorney did not explain the waiver to him. To support this argument, Hartley has submitted an affidavit from his mother, Lynette Hartley. In the affidavit, Ms. Hartley indicates that she was "intimately involved in every step" of her son's defense, and that her son's attorney "never discussed any feature of the plea agreement with [her]." Ms. Hartley also indicates that her son's attorney did not explain the § 2255 waiver to her or her son, "nor did he even explain what such a motion was."

Having reviewed Hartley's motion for reconsideration and the attached exhibit, the court remains convinced that his waiver of collateral-attack rights is valid and enforceable. Hartley's motion relies on allegations that contradict his affirmations in the plea agreement and his sworn statements at the plea hearing. Hartley initialed every page of the plea agreement, including the pages containing the waiver of collateral-attack rights. By signing the agreement, Hartley affirmed that he had "read [the] plea agreement," that he had "carefully reviewed every part of it with [his] attorney," that he understood the agreement, and that he was "voluntarily" agreeing to its terms. During the plea hearing, Hartley testified under oath that he was a high school graduate, that he was in "very good health," and that his communication and comprehension skills were not impaired. (Tr. at 5-6). Upon being asked to review salient portions of the plea

3

agreement, the prosecutor advised Hartley that he would be waiving "a number of important rights," including the right to file a "collateral attack." (Tr. at 10). The prosecutor emphasized that Hartley would not be able to "come back into court later on and complain about the way the case was handled or the sentence that he got." (Tr. at 10). When Hartley was subsequently asked if the agreement described by the prosecutor and his attorney was consistent with his own understanding of the plea agreement, Hartley responded in the affirmative. (Tr. at 12). Hartley also affirmed that he was satisfied with the services provided by his attorney, including his attorney's participation in the case and his attorney's understanding of the applicable law. (Tr. at 30). At the conclusion of the hearing, the court specifically asked Hartley whether he had any final questions regarding any of the matters or issues that had been addressed during the hearing. (Tr. at 30). Hartley indicated that he did not have any questions. (Tr. at 30). Hartley then signed the guilty plea form, by which he affirmed that his plea of guilty was knowing and voluntary, and that it was made without any threats or promises.

In the face of such evidence, the court is unable to conclude that Hartley's decision to accept the waiver of collateral-attack rights was an unknowing or involuntary act. Accordingly, the court will deny Hartley's motion for reconsideration.

The Clerk is directed to send certified copies of this order to petitioner and counsel of record for respondent.

ENTER: This 21st day of November, 2006.

_____
United States District Judge

4

Case 7:06-cv-00344-GEC-mfu   Document 13   Filed 11/21/06   Page 4 of 4   Pageid#: 197